UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Neka DOKO and Sare DOKO,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR,<br>U.S. Attorney General<br>950 Pennsylvania Avenue NW,<br>Washington, D.C. 20530<br><br>KENNETH CUCCINELLI,<br>Acting Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue NW<br>Washington, D.C. 20529<br><br>KEVIN K. MCALEENAN,<br>Acting Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue NW<br>Washington, D.C. 20001<br><br>LOREN K. MILLER,<br>Director<br>U.S. Citizenship and Immigration Services<br>Nebraska Service Center<br>850 'S' Street<br>Lincoln, NE 68508<br><br>Defendants. | Civil Action No.: 1:20-cv-11378<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS** |

## I. INTRODUCTION

1. This action arises out of the constitutional, statutory, and regulatory violations committed by Defendants. Plaintiffs, Neka Doko and Sare Doko (hereinafter "Plaintiff" or "Plaintiffs"), by and through undersigned counsel, challenge the unlawful denial of Neka Doko's I-601A Application for Provisional Unlawful Presence Waiver (Receipt No. LIN1990480022).

1

2. Pursuant to 8 C.F.R. § 212.7(e)(4)(iii), an applicant for a provisional unlawful presence waiver will be eligible for the waiver despite ongoing removal proceedings when "the removal proceedings are administratively closed and have not been re-calendared *at the time of filing the request* for a provisional unlawful presence waiver." (emphasis added)

3. Notwithstanding this clear regulatory language, Defendant denied Plaintiff's waiver almost a year after the filing date, stating that they "must" deny the waiver because her removal proceedings "currently" remained pending despite the fact that the proceedings were administratively closed at the time of filing.

4. Defendants' decision to deny Plaintiff Neka Doko's waiver was arbitrary, capricious, and not in accordance with law. The decision constituted *ultra vires* agency action insofar as it was a direct violation of the language of the regulation.

## II. JURISDICTION AND VENUE

5. This case arises under the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1101 *et seq.*, the Administrative Procedure Act (hereinafter "APA"), 5 U.S.C. § 551 *et seq.*, and the regulations governing the INA and the APA.

6. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361. The Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, the Federal Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C. § 1361, the Mandamus and Venue Act of 1962.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because Defendants are officers or employees of the United States, or agencies thereof, acting in their official capacities, a substantial part of the events or omissions giving rise to the claims occurred

in this district, and Plaintiff resides in this district. No real property is involved in this action.

### III.    PARTIES

8. Plaintiff Neka Doko is a national of Albania. She was born August 2, 1960 and is presently 60 years old. She came to the United States on a student visa on August 12, 1999 and has resided in the United States ever since. She currently resides at 213 Athens Street, South Boston, MA 02127.

9. Plaintiff Neka Doko seeks to benefit from an immigrant petition filed by her mother, Plaintiff Sare Doko. She may only be granted an immigrant visa (lawful permanent residence) at a U.S. Consulate abroad because she is unlawfully in the United States. However, upon departure from the United States to obtain this visa, she will become subject to a 10-year unlawful presence bar. The bar will render her ineligible to receive the immigrant visa unless she obtains a waiver of this bar. Defendant USCIS erroneously denied her I-601A Application for Provisional Unlawful Presence Waiver.

10. Plaintiff Sare Doko is a United States citizen. She was born January 17, 1926 and is presently 94 years old. In 2009, she filed an I-130 Immigrant Petition for Relative, seeking to provide her daughter, Plaintiff Neka Doko, with an opportunity to apply for lawful permanent residency in the United States. Neka Doko's waiver is based on the extreme hardship Sare Doko will suffer if she were separated from Neka Doko for a prolonged period. She currently resides at 213 Athens Street, South Boston, MA 02127.

11. Defendant Chad Wolf is the Acting Secretary of DHS, an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this capacity, he is responsible for the administration of

the INA and for overseeing, directing, and supervising all DHS component agencies, including USCIS. He is sued in his official capacity.

12. Defendant DHS is an executive agency of the United States and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). Since March 1, 2003, DHS has been the agency responsible for implementing the INA, including provisions relating to waivers of inadmissibility.

13. Defendant L. Francis Cissna is the Director of USCIS, an "agency" within the meaning of the APA, 5 U.S.C. §551(1). In this capacity, he oversees the adjudication of immigration benefits and establishes and implements governing policies. 6 U.S.C. § 271(a)(3); 6 U.S.C. § 271(b). He is ultimately responsible for the adjudication of waiver applications. He is sued in his official capacity.

14. Defendant USCIS is a component of DHS, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefit applications.

15. Defendant Loren K. Miller is the Director of the Nebraska Service Center, the office within USCIS which processed and denied Plaintiff's waiver application. He is sued in his official capacity.

### IV. STATEMENT OF FACTS

16. Plaintiff Neka Doko is a 60-year-old citizen of Albania who has resided in the United States since 1999. Her mother, Plaintiff Sare Doko, is a 94-year-old citizen of the United States. Sare Doko is legally blind, extremely hard of hearing, and unable to walk. She has been permanently bedridden since October 2016. Neka Doko lives with and takes care of her mother full time. Neka cooks and serves every meal, manages and ensures compliance with

4

her mother's medications, bathes her mother and changes her mother's diapers. Aside from this vital physical support, Neka is also her mother's window to the world, providing companionship, sharing memories, and supporting Sare's mental health since Sare is confined to her bed. Recently, family members have noted that Sare's mental acuity is declining.

17. Plaintiff Neka Doko initially entered the United States on a student visa in 1999. Following a financial upset in her family, she was no longer able to afford tuition and fell out of her student status. She was placed into removal proceedings and granted voluntary departure in 2005. She remained in the United States notwithstanding the voluntary departure order. Her voluntary departure order converted into an order of removal when she did not depart the United States in the proscribed timeframe.

18. In 2013, the Department of Homeland Security promulgated regulations which would allow immediate relatives of U.S. citizens ineligible for adjustment of status to seek a provisional waiver of their unlawful presence by filing a form I-601A. 78 Fed. Reg. 536 (January 3, 2013). The stated purpose of the regulation was to alleviate the hardships of lengthy separation faced by the U.S. citizens when their relatives would proceed abroad to request an immigrant visa. *Id*. Previously, such relatives would find themselves stuck abroad for multiple years as a waiver of their unlawful presence would only be processed *after* an immigrant visa was denied at a consular interview. The provisional unlawful presence waiver process allows these relatives to request a waiver prior to traveling abroad, thus reducing the time outside the United States (and away from their U.S. citizen relatives) to a matter of weeks.

19. The regulations explicitly allow certain individuals who are in removal proceedings to qualify for an I-601A waiver. These include individuals whose proceedings have been administratively closed *on the date of filing* the I-601A. The Federal Register reveals that the language of the regulation was well-considered:

> DHS recognizes that this is a departure from the long-standing principle in immigration law and policy that aliens must establish eligibility not only at the time of filing but also up until the time USCIS adjudicates the case. *See, e.g., Matter of Isidro-Zamorano*, 25 I&N Dec. 829, 830-31 (BIA 2012) (explaining the "well established" principle that application for an immigration benefit is "continuing" and that eligibility is determined at the time of adjudication, not at the time of application). However, DHS believes that a departure from the general principle is permissible and warranted in this limited context. 78 Fed. Reg. 536, 538 FN1 (January 3, 2013).

20. On August 17, 2018 Plaintiff filed a motion to reopen her removal proceedings for the purpose of seeking a I-601A unlawful presence waiver. On October 19, 2018, the Immigration Judge reopened Plaintiff's removal proceedings utilizing the Court's *sua sponte* authority. On May 20, 2019, the Immigration Judge ordered that Plaintiff's case be administratively closed for a period of 15 days to allow for the filing of the I-601A.

21. On May 24, 2019, while the case was still administratively closed pursuant to the Immigration Judge's order, Plaintiff filed with USCIS her I-601A waiver application. USCIS issued a receipt notice on May 29, 2019 (LIN1990480022).

22. On May 15, 2020, USCIS denied Neka Doku's waiver, citing 8 C.F.R. § 212.7(e)(4)(iii), and stating that as her removal proceedings "*currently* remain pending, USCIS *must* deny your Form I-601A." (emphasis added). In so deciding, USCIS blatantly disregarded the language of the same section USCIS cited which carves out the following exception: "[…] unless the removal proceedings are administratively closed and have not been recalendared

6

*at the time of filing the application* for a provisional unlawful presence waiver." 8 C.F.R. § 212.7(e)(4)(iii) (emphasis added).

23. At present, Neka Doko remains in removal proceedings. Her case is no longer administratively closed. Her next hearing date is May 17, 2022. If Neka Doko's I-601A is not reconsidered and fairly adjudicated, she will be forced to leave the United States without any certainty of return, even though her mother will suffer and potentially pass away while she is outside the United States.

V. **FINAL AGENCY ACTION AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24. The Supreme Court has articulated two requirements for an agency's action to qualify as final. First, the action may not be tentative or interlocutory in nature but must represent the "'consummation' of the agency's decisionmaking process." *Bennett v. Spear*, 520 U.S. 154, 178 (1997). Second, it must be an action "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Id*.

25. Here, Defendants' denial of Plaintiff Neka Doko's Application for Provisional Unlawful Presence Waiver was a final agency decision because there is no appeal process for the denial of such a waiver. Following a denial, an applicant's only option is to leave the United States, inevitably be denied an immigrant visa to return, and attempt a second waiver through a different process. During the pendency of this second waiver's adjudication, the applicant remains outside of the United States, bringing about the real and acute hardships which the provisional waiver process was meant to avoid.

26. The agency rule at 8 C.F.R. § 212.7(e)(9)(ii) stating that "Denial of an application for a provisional unlawful presence waiver is not a final agency action for the purposes of

7

section 10(c) of the [APA]" should not be dispositive here where it is clearly contrary to case law which establishes what is and what is not a final agency action.

27. Moreover, the regulation cannot be read as imposing an exhaustion requirement. The interplay of final agency action and the exhaustion requirement was explained beautifully by the First Circuit Court of Appeals:

> […] the Supreme Court in *Darby* addressed how exhaustion bears on the finality requirement under the APA, and *Darby* did so by drawing on the distinction *Williamson County* drew between exhaustion and finality. *Darby*, 509 U.S. at 144. In doing so, *Darby* clarified that, as a general matter, federal judges may not require those aggrieved by federal agency action to exhaust additional levels of administrative review before seeking relief from "final" agency action under the APA. *Id*. at 153-54. But, as we have explained, *Darby* then went on to make clear that the APA provides in some limited circumstances that an agency action is not final precisely because an agency rule or a statute requires that the agency action must be reviewed administratively. See 5 U.S.C. § 704; *Darby*, 509 U.S. at 154. And, in such circumstances, *Darby* further explained, the required administrative review both imposes an exhaustion requirement <u>and</u> makes plain that the underlying agency action is not a "final" one. See *Darby*, 509 U.S. at 154. *Global Tower Assets, LLC v. Town of Rome*, 810 F. 3d 77, 86 (1st Cir. 2016).

28. The regulation in this case, however, puts the cart before the horse. In order to impose an exhaustion requirement, an agency rule must be explicit as to the required administrative review. *See, e.g. Ciba-Geigy Corp. v. Sidamon-Eristoff*, 3 F.3d 40, 45 (2d Cir. 1993) (distinguishing *Darby* where the EPA "adopted regulations creating express exhaustion requirements. For issuance of a permit, appeal to the EAB is a "prerequisite to the seeking of judicial review of the final agency action." 40 C.F.R. § 124.19(e).").

29. Clear, explicit exhaustion requirements abound in the Code of Federal Regulations. *See, e.g.* 33 CFR § 331.12 ("No affected party may file a legal action in the Federal courts based on a permit denial or a proffered permit until after a final Corps decision has been made and the appellant has exhausted all applicable administrative remedies under this part. The

appellant is considered to have exhausted all administrative remedies when a final Corps permit decision is made in accordance with § 331.10.); 43 CFR 4.21(c) ("Exhaustion of administrative remedies. No decision which at the time of its rendition is subject to appeal to the Director or an Appeals Board shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. § 704, unless a petition for a stay of decision has been timely filed and the decision being appealed has been made effective in the manner provided in paragraphs (a)(3) or (b)(4) of this section or a decision has been made effective pending appeal pursuant to paragraph (a)(1) of this section or pursuant to other pertinent regulation.")

30. 8 C.F.R. § 212.7(e)(9)(ii) simply is not explicit to the required administrative review. It declares a denial of a provisional waiver is not final; however, it does not provide any clarity or route to a required administrative review. It does not apply the required explicit language demanded by *Darby* to impose an exhaustion requirement. It only states baselessly that the agency decision is not a final one under the APA. Insofar as no further appeal or process is proscribed, the applicant is left with no administrative review and would have to depart the country to seek, after an immigrant visa denial, a traditional I-601 waiver. This would result in irreparable harm that the I-601A waiver regulations were published to prevent. Simply stating that a decision is not final is not enough to invoke the exhaustion requirement. Without an explicit imposition of an exhaustion requirement in the regulation as required by *Darby*, the only conclusion is that there is no such requirement. Consequently, the denial of Plaintiff's I-601A waiver application must be considered a final decision and therefore renders it eligible for immediate review by the Court.

## VI. PETITION FOR A WRIT OF MANDAMUS

31. All the foregoing allegations in paragraphs 1 to 30 are repeated and realleged as though fully set forth herein.

32. Mandamus is available to compel a federal official or agency to perform a duty if: (1) there is a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

33. Plaintiff Neka Doko has a right to have Defendants adjudicate her I-601A waiver *on its merits* as an "eligible alien" as defined in the regulation. 8 C.F.R. § 212.7(e)(3). The waiver was properly filed when her removal proceedings were administratively closed and therefore USCIS must adjudicate the waiver on its substance.

34. Defendants have a clear, non-discretionary duty to treat Plaintiff as an eligible alien in the adjudication of her I-601A waiver where her removal proceedings were administratively closed at the time of filing her application. 8 C.F.R. § 212.7(e)(4)(iii).

35. Plaintiff has no adequate available remedy as there is no review process outlined within the I-601A regulations.

36. Defendants' action harms Plaintiffs as they will be forced to be separated for a lengthy period of time if Plaintiff Neka Doko leaves the country to seek an immigrant visa that will be denied without an approved I-601A waiver.

37. There are no other adequate available remedies.

## VII. FIRST CLAIM FOR RELIEF (Injunctive Relief)

38. All the foregoing allegations in paragraphs 1 to 37 are repeated and realleged as though fully set forth herein.

39. This is an action for injunctive relief against Defendants. A *bona fide* dispute has arisen between Plaintiffs and Defendants regarding Plaintiff Neka Doko's status as an eligible alien for an I-601A waiver.

40. Injunctive relief is available through nonstatutory review. *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 59 (1st Cir. 2007) ("The basic premise behind nonstatutory review is that, even after the passage of the APA, some residuum of power remains with the district court to review agency action that is *ultra vires*.") (quoting *R.I. Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 42 (1st Cir. 2002)); *R.I. Dep't of Envtl. Mgmt.* 304 F.3d 31 at 40 (As a general matter, there is no statute expressly creating a cause of action against federal officers for constitutional or federal statutory violations. Nevertheless, our courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringements of federal rights. Such actions are based on the grant of general federal-question jurisdiction under 28 U.S.C. §1331 and the inherent equity powers of the federal courts." (citations omitted).

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants and that the Court:

a. Find that the Defendants' denial of Plaintiff's application was *ultra vires* to the express language of the regulation;

b. Enjoin and restrain Defendants during the pendency of this action and thereafter permanently from taking further steps to unlawfully classify Plaintiff as an ineligible alien in the context of her I-601A waiver application;

   c. Compel Defendants to vacate the decision denying Plaintiff's eligibility for the I-601A waiver and adjudicate the waiver on its merits; and,

   d. Award all other such relief to Plaintiff as this Court deems just, proper, and equitable.

### VIII. SECOND CLAIM FOR RELIEF (Declaratory Relief)

41. All the foregoing allegations in paragraphs 1 to 40 are repeated and realleged as though fully set forth herein.

42. This is an action for declaratory relief pursuant to 27 USC § 2201. A *bona fide* dispute has arisen between Plaintiff and Defendants regarding the legal sufficiency of the Defendants' decision to deny Plaintiff's application for an I-601A waiver and Plaintiff has been prejudiced by the Defendants' decision, as described above.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants, and that the Court:

   a. Declare that Defendants' refusal to adjudicate Neka Doko's I-601A waiver, considering her an "ineligible alien" is contrary to 8 C.F.R. § 212.7(e)(4)(iii);

   b. Declare that Neka Doko was an "eligible alien" at the time of filing her I-601A waiver on May 24, 2019;

   c. Order Defendants to reopen and properly adjudicate Neka Doko's I-601A waiver application; and

   d. Award all other such relief to Plaintiff as this Court deems just, proper and equitable.

IX. **THIRD CLAIM FOR RELIEF (Violation under Administrative Procedures Act)**

43. All the foregoing allegations in paragraphs 1 to 42 are repeated and realleged as though fully set forth herein.

44. This is an action for relief pursuant to the Administrative Procedure Act, 5 USC §706 ("APA"). Defendants' decision to deny Plaintiff's application was arbitrary, capricious, and not in accordance with law.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant, and that the Court:

a. Hold unlawful and set aside Defendants' denial of Plaintiff's application for an I-601A waiver;

b. Direct Defendants to comply with 8 C.F.R. § 212.7(e) and reopen and re-adjudicate Plaintiff's application; and

c. Award all other such relief to Plaintiff as this Court deems just, proper, and equitable.

X. **FOURTH CLAIM FOR RELIEF (Attorneys' Fees and Costs Pursuant to 28 USC §2412)**

45. All the foregoing allegations in paragraphs 1 to 44 are repeated and realleged as though fully set forth herein.

46. This is an action for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 USC § 2412.

47. If Plaintiff prevails in this action, she will be eligible to receive an award under the EAJA, 28 USC §2412(d)(1)(A), (2)(H).

48. The position of Defendants was not and is not substantially justified under the EAJA, 28 USC §2412(d)(1)(A).

**WHEREFORE**, Plaintiff requests that the judgment be entered in her favor and against Defendants and that the Court:

a. Enter a judgment awarding Plaintiff her reasonable attorneys' fees and costs pursuant to the EAJA; and

b. Award all other such relief to Plaintiff as this Court deems just, proper, and equitable.

Dated: July 22, 2020                                                **ARAUJO & FISHER, LLC**

/s/ Annelise Araujo
Annelise Araujo, Esq.
75 Federal Street, Suite 620
Boston, MA 02110
(t) 617-716-6400
(f) 617-716-6403
annelise@araujofisher.com
BBO No. 669913

/s/ Stefanie Fisher
Stefanie Fisher, Esq.
75 Federal Street, Suite 620
Boston, MA 02110
(t) 617-716-6400
(f) 617-716-6403
stefanie@araujofisher.com
BBO No. 676653